# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL TURNER, as a member )
and on behalf of the KIOWA TRIBE )
OF OKLAHOMA, )
)
    Plaintiff, )
)
vs. ) Case No. CIV-08-0543-F
)
THE STATE OF OKLAHOMA, et al., )
)
    Defendants. )

## ORDER

    Defendants The State of Oklahoma, Oklahoma State Attorney General Drew Edmondson, and the Oklahoma State Bureau of Investigation (OSBI) (referred to in this order as "the State Defendants") move under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of all claims alleged against them in this action. (Doc. no. 5.) The Humane Society of the United States has also moved to dismiss all claims alleged against it, joining in the State Defendants' arguments and adding its own. (Doc. no. 15.) Plaintiff has responded to the State Defendants' motion, and the State Defendants have replied. Plaintiff has not responded to the Humane Society's motion.

### I. The Complaint

    This action is brought by plaintiff, Michael Turner, on his own behalf and on behalf of the Kiowa Tribe of which he alleges he is a member. The complaint is entitled "Petition for Injunctive Relief" (doc. no. 1) and primarily seeks injunctive relief preventing defendants from entering Kiowa tribal land for the purpose of enforcing, against plaintiff or any other members of the Kiowa Tribe, Oklahoma's

anti-cock-fighting laws. (Doc. no. 1, ¶ 33.)[1] The complaint also seeks "judicial affirmation of the Kiowa Tribe's right to exercise jurisdiction on its own lands" and "judicial affirmation that the State of Oklahoma lacks jurisdiction to regulate Indian commerce on Kiowa lands." (Doc. no. 1, ¶¶ 31, 32.) The court construes these requests as seeking declaratory relief.

In addition to the "Relief Sought" portion of the complaint, the complaint identifies the parties, alleges facts in support of jurisdiction and venue, alleges background information regarding the history of the Kiowa Tribe and treaties, and cites state and federal law. The complaint does not allege any conduct on the part of the plaintiff. The compliant does not allege any conduct on the part of any defendant. For example, although the complaint seeks to enjoin "any of the named Defendants" from entering tribal land "to exercise jurisdiction to prevent, *inter alia*, cock-fighting, or to harass the participants, or for purposes of arresting participants for being present at a cock-fight," (doc. no. 1, ¶ 33), none of the defendants are alleged to have participated in, or threatened, such conduct. The complaint does not allege any injury or threatened injury to plaintiff or any member of the Kiowa Tribe.

## II. 12(b)(1), (6) Standards

Certain aspects of the motions constitute challenges to the court's jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. Specifically, the moving defendants' challenges to the complaint based on Eleventh Amendment immunity call into question this court's jurisdiction. *See*, Thompson v. Colorado, 278 F.3d 1020, 1023-24 (10th Cir. 2001) (discussion of nature of Eleventh Amendment challenge), overruled on other grounds. Unlike subject matter jurisdiction, the entity asserting Eleventh Amendment

---

[1] This order refers to Kiowa tribal lands because the complaint refers to tribal lands. Presumably, the complaint intends to reference Kiowa Indian Country as defined by 18 U.S.C. § 1151.

immunity has the burden to show that it is entitled to immunity. Nair v. Oakland County Community Mental Health Authority, 443 F.3d 469, 474 (6th Cir. 2006). The moving defendants also challenge plaintiff's standing, arguing that no case or controversy has been alleged as required by Article III of the United States Constitution, and that the complaint alleges no facts to show that plaintiff has any authority to sue for the Kiowa Tribe. Standing issues challenge the court's jurisdiction. *See*, Bronson v. Swensen, 500 F.3d 1099, 1106 (10th Cir. 2007) (Article III restricts the jurisdiction of federal courts). Plaintiff bears the burden of establishing standing. *Id*.

Plaintiff's and the State Defendants' briefs refer to matters outside the complaint with respect to certain of these jurisdictional issues.[2] Based on the parties' expansion of the argument to include these matters, the court deems the following to be factual challenges to the court's jurisdiction: the Oklahoma State Attorney General's Eleventh Amendment argument (which involves the contention that the Attorney General has demonstrated no willingness to take action against plaintiff or members of the Kiowa Tribe, on Kiowa tribal lands, to enforce Oklahoma's anti-cockfighting laws); and the State Defendants' Article III standing challenge contending no case or controversy has been shown as between the State Defendants and the plaintiff. When reviewing a factual attack on jurisdiction, the court has wide discretion to allow and consider affidavits and other documents to resolve disputed

---

[2]Plaintiff's response brief refers to written statements by the Oklahoma State Attorney General that "the Kiowa Tribe cannot engage in cockfighting." (Doc. no. 14, p. 3.) In the portion of his response brief that addresses Article III standing (doc. no. 14, p. 4), plaintiff refers to a state court case, The State of Oklahoma v. Michael Turner, Case No. CF-2004-42 (Cotton County). These matters are not alleged in the complaint. The State Defendants have responded to these matters with documentation, attached to their reply brief, pertinent to these issues. Plaintiff has not sought leave to respond to defendants' documentation, and no party has requested an evidentiary hearing.

jurisdictional facts under Rule 12(b)(1). United Tribe of Shawnee Indians v. U.S., 253 F.3d 543, 547 (10th Cir. 2001). With respect to the other jurisdictional challenges, the parties have more clearly limited their arguments to the law and the pleadings. Accordingly, the court considers the other jurisdictional issues raised in the motions as facial attacks on the court's jurisdiction. In determining facial attacks on jurisdiction, the court limits its review to the sufficiency of the complaint, and it takes the allegations in the complaint as true. *Id*. The court disregards any matters outside the complaint, even when those matters are considered with respect to other arguments.

The moving defendants also argue that the complaint fails to state a claim for relief under Rule 12(b)(6). The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1969,1974 (2007). To survive a motion to dismiss, the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. For purposes of the parties' Rule 12(b)(6) arguments, the court disregards all matters outside the complaint even when such outside matters are considered with respect to other arguments. The court also accepts all of the allegations in the complaint as true. Ridge at Red Hawk, 493 F.3d at 1177 (reviewing under Rule 12(b)(6), court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff).

III. The State Defendants' Motion to Dismiss

A. Eleventh Amendment Immunity

The State Defendants argue they are entitled to dismissal based on their immunity under the Eleventh Amendment of the United States Constitution.[3] This immunity means that, absent consent of the State, suit against the State or one of its agencies or departments is proscribed. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Eleventh Amendment immunity applies when a plaintiff seeks declaratory or injunctive relief, the type of relief sought in this action. Steadfast Insurance Company v. Agricultural Insurance Company, 507 F.3d 1250, 1252 (10th Cir. 2007).

In response to the State Defendants' assertion of Eleventh Amendment immunity, plaintiff cites cases discussing the Ex Parte Young, 209 U.S. 123 (1908) exception to Eleventh Amendment immunity. Under Ex Parte Young, if all requirements are met, suits for prospective injunctive relief against state officials acting in violation of federal law are permitted. Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 828 (10th Cir. 2007). Thus, the Ex Parte Young exception potentially applies to plaintiff's claims against the Oklahoma State Attorney General, but the exception does not apply to claims alleged against the State of Oklahoma or the OSBI, a state agency. See, Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487, 495 (10th Cir. 1998) (exception does not apply to claims against state or its agencies); 74 O.S. 2001 § 150.1 (creating agency of state government designated as the Oklahoma State Bureau of Investigation). Accordingly, the State of Oklahoma and the OSBI are entitled to Eleventh Amendment immunity

---

[3]The Eleventh Amendment states: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

as a matter of law, and they will be dismissed from this action, with prejudice, on that ground.

As just noted, the Ex Parte Young exception is at least potentially applicable to plaintiff's claims against the Oklahoma State Attorney General, as he is a state official against whom plaintiff seeks only prospective injunctive relief. The Ex Parte Young exception to Eleventh Amendment immunity, however, is a narrow exception. Buchwald, *id*. For the exception to apply, the state official must have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty. Prairie Band, 476 F.3d at 828.

The complaint does not allege, and no party has presented any materials which suggest, a demonstrated willingness by the Oklahoma State Attorney General to enforce Oklahoma's anti-cock-fighting laws, or any other state laws or regulations for that matter, on tribal lands, against plaintiff or any other members of the Kiowa Tribe. Furthermore, the State Defendants' moving brief states that, "Oklahoma does not claim authority to prosecute a Kiowa member in Kiowa Indian Country," citing Oklahoma v. Klindt, 782 P.2d 401 (Okla. Crim. App. 1989). (Doc. no. 5, p. 3.) Klindt states that "the State of Oklahoma does not have jurisdiction over crimes committed by or against an Indian in Indian Country." *Id.* at 403.

Additionally, the Oklahoma State Attorney General has presented a letter, addressed to plaintiff from the Office of the Attorney General of the State of Oklahoma, dated November 18, 2002. (Doc. no. 16, ex. 1, p. 31.) In that letter, the Senior Assistant State Attorney General writes that, "by way of a copy of this letter to the United States Attorneys" for all three of Oklahoma's federal judicial districts, he is requesting that "*they*, to the full extent of *their* authority, vigorously prosecute all violations of Oklahoma's Anti-Cockfighting Law which take place in Indian Country." (Doc. no. 16, ex. 1, p. 33, emphasis added.) Not only does this letter not

show any demonstrated willingness on the part of the Oklahoma State Attorney General to prosecute or take other action against plaintiff or members of the Kiowa Tribe, the letter's statement that the matter is being referred to the United States Attorneys implies that the Oklahoma State Attorney General will not prosecute plaintiff or other members of the Kiowa Tribe.

The State Defendants also present evidence regarding the nature of a state court prosecution of the plaintiff, upon which plaintiff has relied. Evidence shows the state district court denied plaintiff's motion to dismiss in that case, based on that court's finding that the location where the charged crime occurred was not within Indian Country. (Doc. no. 16, ex. 5, transcript of proceedings on August 25, 2005, The State of Oklahoma v. Michael C. Turner, Case No. CF-04-42, District Court of Cotton County, State of Oklahoma.) Plaintiff concedes that he subsequently abandoned his appeal of the state court action. (Doc. no. 14, p. 4.)

Accordingly, no demonstrated willingness to enforce Oklahoma's anti-cock-fighting laws against plaintiff or any member of the Kiowa Tribe, on Kiowa tribal lands, has been alleged or shown on the part of the Oklahoma State Attorney General. Therefore, the Ex Parte Young exception to Eleventh Amendment immunity does not apply, and the Oklahoma State Attorney General will be dismissed from this action based on his Eleventh Amendment immunity.

## Standing

The State Defendants make two types of arguments challenging plaintiff's standing.

First, the State Defendants argue that the complaint does not allege, and that there is nothing to show, a case or controversy as required by Article III of the United States Constitution. With regard to the case or controversy requirement, plaintiff bears the burden of establishing:

>   (1) that he has suffered an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Bronson, 500 F.3d at 1106.

For purposes of the injury-in-fact requirement, it is not enough for a plaintiff challenging the validity of a criminal statute under which he has not been prosecuted to allege that he fears prosecution; he must show a real and immediate threat of his future prosecution under the statute in question. *Id*. at 1107. This requirement has also been characterized as a credible threat of prosecution requirement, meaning a threat which arises from an objectively justified fear of real consequences. *Id*.

The complaint does not allege, and the materials that have been presented do not show, any hint of prosecution much less any credible threat of prosecution. There are no allegations or materials that suggest any injury or threatened injury to plaintiff or members of the Kiowa Tribe as a result of any conduct by the defendants. There are no allegations or materials indicating the State Defendants have tried to enforce Oklahoma's anti-cock-fighting laws against plaintiff or other members of the Kiowa Tribe, on Kiowa tribal lands. The court concludes that no demonstrated willingness on the part of any of the State Defendants, to enforce any of the relevant Oklahoma laws, against plaintiff or Kiowa members, on Kiowa tribal lands, has been shown.

The complaint also does not allege, and none of the submitted materials show, that any hypothetical injury to plaintiff or to the Kiowa Tribe is fairly traceable to the conduct of any of the State Defendants.

The complaint also does not allege, and no arguments or materials show, that any hypothetical injury to plaintiff or the Kiowa Tribe would be redressed by a favorable decision in this action.

Any one of the above findings, standing alone, defeats plaintiff's standing to bring the alleged claims against the State Defendants. Therefore, in addition to the other grounds for dismissal stated in this order, the State Defendants will be dismissed based on plaintiff's failure to show a case or controversy as required by Article III.

The State Defendants also challenge plaintiff's standing to allege claims on behalf of the Kiowa Tribe. Beyond constitutional standing requirements, a plaintiff must satisfy prudential principles of standing, one of which is that a plaintiff generally must assert his or her own legal rights as opposed to the legal rights of others. United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1204 (10th Cir. 2001). Plaintiff has alleged no facts suggesting that he has any authority to bring claims on behalf of other members of the Kiowa Tribe. Additionally, although not necessary to its ruling, the court notes that plaintiff did not respond to this particular standing argument. All claims alleged against the State Defendants on behalf of the Kiowa Tribe will also be dismissed for failure to allege facts in support of plaintiff's authority to bring tribal claims.

Failure to State a Claim

Although the court's jurisdictional rulings under Rule 12(b)(1) make it unnecessary to address the State Defendants' failure to state a claim arguments under Rule 12(b)(6), this order addresses the Rule 12(b)(6) arguments as alternative grounds for dismissal.

The State Defendants argue that plaintiff has failed to state a claim for injunctive relief, because there are no allegations of irreparable harm absent the requested injunction. The court agrees. All claims for injunctive relief will be dismissed for failure to state a claim. The court also concludes that the State Defendants are entitled to dismissal under Rule 12(b)(6) because the complaint does not allege any conduct or threatened conduct by them, because the complaint does

allege any injury or threatened injury to result from any conduct by them, and because the complaint does not allege a basis for declaratory relief (see authorities cited in part IV, below) against the State Defendants.  For each of these reasons, and in addition to the other grounds for dismissal stated in this order, the State Defendants will be dismissed from all claims under Rule 12(b)(6).

### IV.  The Humane Society's Motion to Dismiss

The Humane Society argues that the complaint alleges no facts in support of any Article III case or controversy as between plaintiff or other members of the Kiowa Tribe, and the Humane Society.  Except to identify the Humane Society, the complaint does not mention the Humane Society.  The court agrees with the Humane Society that the complaint fails to allege facts in support of a case or controversy between plaintiff and the Humane Society.  The Humane Society also argues that the complaint alleges no facts indicating plaintiff has any authority to bring claims against the Humane Society on behalf the Kiowa Tribe.  The court agrees.  For these reasons, the Humane Society's motion for dismissal will be granted under Rule 12(b)(1).

As an alternative to dismissal on jurisdictional grounds, the Humane Society argues it is entitled to dismissal under Rule 12(b)(6).

The complaint alleges no conduct on the part of the Humane Society, no threatened conduct by the Humane Society, and no injury or threatened injury to plaintiff as a result of any conduct by the Humane Society.  The complaint alleges no irreparable harm absent the relief requested against the Humane Society.  For each of these reasons, the complaint fails to state a claim for injunctive relief against the Humane Society, and the Humane Society will be dismissed from all claims for injunctive relief on that ground.

The Humane Society also argues that the complaint fails to allege the type of controversy necessary to obtain declaratory relief, citing U.S. v. Fisher-Otis Co., 496

F.2d 1146 (10th Cir. 1974).  Fisher-Otis reiterates that "the question in each case is whether...there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id*. at 1151, quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).  The complaint fails to allege a substantial controversy of the type necessary to support declaratory relief.  Accordingly, the complaint fails to state a claim for relief for declaratory relief against the Humane Society, and the Humane Society will be dismissed from all claims seeking declaratory relief.

Pertinent to its separate circumstances, the Humane Society argues that it "is patently obvious" the Humane Society is "a private charitable organization, has and claims no authority to prosecute any crimes anywhere." (Doc. no. 15, p. 3.) The court takes judicial notice of the fact that the Humane Society is not a law enforcement organization.  Moreover, the only allegation that mentions the Humane Society by name states that the Humane Society "is a tax-exempt charitable organization." (Doc. no. 1, ¶ 8.)  Thus, even if the court were not to take judicial notice of the non-law-enforcement status of the Humane Society, the pleadings establish the Humane Society's status as a private organization.  Accordingly, any claim seeking to enjoin law enforcement activity by the Humane Society -- such as the complaint's request for "an injunction preventing any of the named Defendants from entering upon tribal land for the purposes of attempting to *exercise jurisdiction* to prevent...cock-fighting...or for purposes of *arresting* participants for being present at a cock-fight" (¶ 33, emphasis added) -- is without merit.  All claims seeking to enjoin any type of law enforcement activity by the Humane Society will be dismissed, with prejudice, for failure to state a claim against the Humane Society.

Each of the above-stated Rule 12(b)(6) grounds for dismissal are independent, alternative grounds for dismissal of the Humane Society under Rule 12(b)(6).

Finally, as an additional ground for dismissing all claims alleged against the Humane Society, the court finds that, given the nature of the challenges to the sufficiency of the complaint made by the Humane Society, and given plaintiff's failure to respond to any of these comprehensively argued challenges although plaintiff responded, in detail, to the State Defendants' arguments, the Humane Society's motion has been confessed.  *See*, LCvR7.1(g) (motion not opposed within 18 days may in discretion of court, be deemed confessed).  (The other grounds for dismissal are not dependent on this finding.)

## V.  Conclusion

After careful consideration, the State Defendants' motion to dismiss, and the Humane Society's motion to dismiss, are **GRANTED**.  Accordingly, the State of Oklahoma, the Oklahoma State Bureau of Investigation, the Oklahoma State Attorney General, and the Humane Society are **DISMISSED** from this action.  Given the jurisdictional basis for many of the court's rulings, claims against the moving defendants are dismissed without prejudice, except where otherwise noted in the text of this order.

Dated this 29th day of August, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0543p003 rev (pub).wpd